UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TADARYL WILLIAMS, ) <br> ) <br>         Plaintiff, ) <br> vs. ) <br> ) <br> JIMMY HARMER, LOCAL 631 UNION, ) <br> TOMMY BLITSCH, JENNIFER DODDS, ) <br> YVONNE ANDRADE, CAMILLA ) <br> GRANTINETTI, LAURA SIMS, ) <br> ) <br>         Defendants. ) <br> _____) | Case No.: 2:16-cv-00131-GMN-GWF <br><br> ORDER |

Pending before the Court is Defendant's Amended Motion to Dismiss (ECF No. 10) filed by Defendants Jimmy Harmer ("Harmer"), Tommy Blitsch ("Blitsch"), Jennifer Dodds ("Dodds"), Yvonne Andrade ("Andrade"), Camilla Grantinetti ("Grantinetti"), Laura Sims ("Sims") (collectively, "Individual Defendants"),[1] and Teamsters Union Local 631 (the "Union") (collectively, "Defendants"). Pro se Plaintiff Tadaryl Williams ("Plaintiff")[2] filed a Response (ECF No. 17), and Defendants filed an Amended Reply (ECF No. 20).

**I.   BACKGROUND**

This action arises from an alleged preclusion of Plaintiff from rejoining the Union. (Compl. at 4, ECF No. 1). Plaintiff alleges that the Union and its various employees—the Individual Defendants—prevented him from being "reinstated as a Supplemental worker . . . and denied [him] re-entry into the Union." (*Id.*). The Individual Defendants are allegedly

---

[1] According to the Complaint, all Individual Defendants were sued in both their individual and official capacities. (Compl. at 2–3, ECF No. 1).

[2] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

employees, business agents, and officers of the Union, and the Union is a private-sector labor union representing convention industry workers in the Las Vegas area. (*See id.* at 2–3). Plaintiff asserts five counts of First and Fourteenth Amendment violations relating to the Union's failure to reinstate him in 2015, after an "honorable withdrawal" in 2002. (*See id.* at 5–9). Plaintiff also asserts one count of breach of fiduciary duty because Defendants did not reinstate him to the correct job classification, which caused him to receive a lower wage than he was entitled under a previous collective bargaining agreement in effect from the years 2001–2004. (*Id.* at 8). Plaintiff further alleges that Defendants "failed to provide fair representation," which appears to assert a claim for unfair business practices. (*Id.*). Plaintiff alleges that he sought relief from the National Labor Relations Board ("NLRB") for these grievances, but he does not allege any final determination. (*Id.* at 11). Furthermore, Plaintiff does not allege that he exhausted any other administrative remedies prior to filing this suit.

Plaintiff seeks to invoke the Court's jurisdiction for these claims under the following statutes: 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983; 18 U.S.C. § 371; Title VII of the Equal Employment Opportunities Act ("Title VII"), 42 U.S.C. § 2000e; Labor Management Relations Act ("LMRA") § 301, codified at 29 U.S.C. § 185; and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, 4.

Defendants' Motion to Dismiss asserts that the Complaint should be dismissed for the following reasons: (1) the Court lacks subject matter jurisdiction because all alleged sources of jurisdiction are inappropriate; (2) even if subject matter jurisdiction could be established, the statute of limitations for these claims has expired; and (3) the failure to properly serve Defendants has resulted in a lack of personal jurisdiction over all Defendants. (Am. Mot. to Dismiss 2:23–26, ECF No. 10).

## II. LEGAL STANDARD

### A. 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP" or "Rules") permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as "facial," meaning that it attacks the sufficiency of the allegations to support subject matter jurisdiction. *Id.*  Alternatively, it may be described as "factual," meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.*  When considering a "facial" attack made pursuant to Rule 12(b)(1), as here, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

### B. 12(b)(4)

A challenge to the form of process, rather than the manner of its service, is properly raised under FRCP 12(b)(4). *See, e.g.*, *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (citations omitted).  A Rule 12(b)(4) motion challenges noncompliance with the provisions of Rule 4 or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of a summons. *Id*.  Under Rule 4, a summons must:

(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or-if unrepresented-of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal.

Fed. R. Civ. P. 4(a). Further this Rule requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

### C. 12(b)(5)

A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. The plaintiff has the burden of demonstrating that service of process was valid. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. 1996). If service of process is insufficient, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102. Actual notice of a lawsuit will not subject a defendant to personal jurisdiction "if service was not made in substantial compliance with Rule 4." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (quotation omitted).

### D. 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction because none of the statutes under which Plaintiff invokes jurisdiction actually confer jurisdiction. (Am. Mot. to Dismiss 5:19–9:28). The plaintiff bears the burden of establishing that jurisdiction exists. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). The Court will examine each of Plaintiff's proposed jurisdictional grounds to determine if the allegations are sufficient to support subject matter jurisdiction. *Thornhill Publ'g Co., Inc.*, 594 F.2d at 733.

### A. Jurisdiction for Constitutional Claims

Defendants argue that the Court has "no jurisdiction over claims under the First and Fourteenth Amendments in the absence of state action." (Am. Mot. to Dismiss 6:2–3). Specifically, because "no governmental defendants and no combination with anyone in the government is alleged," §§ 1983 and 1343(a)(3) cannot confer jurisdiction over Plaintiff's constitutional claims. (*Id.* 6:5–6). Plaintiff makes no argument in rebuttal.

"To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). The crux of any claim brought under the United States Constitution is that some form of government action must be plead. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1200 (9th Cir. 1989) ("[A] plaintiff must plead state action in order to pursue a constitutional claim."). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotations omitted). The same holds true for § 1343(a)(3). *Oppenheimer v. Stillwell*, 132 F. Supp. 761, 763 (S.D. Cal. 1955) ("[L]ike the Fourteenth Amendment, [§§ 1983

and 1343] are directed only to state action and the invasion by individuals of the rights of other individuals is not within their purview.").

Here, for Plaintiff's five claims regarding the First and Fourteenth Amendments, he has failed to identify any state actors. Therefore, he has failed to meet his burden on these claims. This fact is fatal to all of his claims alleging constitutional violations. Plaintiff did not, and cannot, allege that the Individual Defendants are state actors because they work for a private entity—the Union. Likewise, the Union is not alleged to be a government entity, or an entity exercising authority under color of law. Thus, jurisdiction under §§ 1983 and 1343(a)(3) fails as a matter of law for all claims alleging violations of the First and Fourteenth Amendments. Although leave to amend should be freely given, the Court finds that any amendment to Plaintiff's First and Fourteenth Amendments claims would be futile because no state actor is involved. Accordingly, all claims relating to First and Fourteenth Amendment violations are dismissed with prejudice.

**B. Jurisdiction under the LMRA**

In addition to First and Fourteenth Amendment claims, Plaintiff also asserted an express claim for breach of fiduciary duty and a factually-implied claim for unfair labor practices by Defendants. Plaintiff asserts that this Court has subject-matter jurisdiction over these claims under the LMRA.

To invoke federal jurisdiction under the LMRA, a plaintiff must allege a violation of a contract between an employer and a union. "By its terms, Section 301 confers federal subject-matter jurisdiction only over suits for violation of contracts." *Rugemer v. Am. Nat. Can Co.*, 217 F.3d 846 (9th Cir. 2000) (citing *Texatron Lycoming Reciprocating Engine Div. Avco Corp. v. UAW*, 523 U.S. 653, 657 (1998)). Failure to state a claim under § 301 is a subject-matter jurisdiction defect. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 546 F.3d 1169, 1176 n.3 (9th Cir. 2008), *aff'd in pertinent part*, 561 U.S. 287 (2010) ("[A] failure to state a claim under

section 301(a) of the LMRA is a defect in subject-matter jurisdiction, and [plaintiff's] claim against [defendant] here should have been dismissed under Federal Rule of Civil Procedure 12(b)(1), not 12(b)(6) as the district court held.").

"[I]n order to prevail in any [§ 301] suit, the plaintiff must show that the union ***and the employer*** have both breached their respective duties." *Bliesner v. Communications Workers of America*, 464 F.3d 910, 913 (9th Cir. 2006) (emphasis added). This requires pleading that an employer took some adverse action against the employee. *See id*. The statute of limitations for a § 301 claim is six months, which "begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

Defendants argue that "[b]ecause the complaint does not make any allegation that the collective bargaining agreement has been violated, LMRA § 301 cannot confer federal jurisdiction." (Am. Mot. to Dismiss 6:25–6). Plaintiff counters that he alleged Harmer and Blitsch told Plaintiff that he was a member of the Union when Harmer and Blistch showed Plaintiff a previous Collective Bargaining Agreement that he worked under before he exited the Union some years ago. (*See* Pl.'s Resp. 12–13, ECF No. 17). Defendants respond that "if Blitsch was showing [the Collective Bargaining Agreement] to [Plaintiff] to explain why [Plaintiff] did not have the rights in the union's hiring hall he thought he should, then it was part of the [U]nion's conduct in the January – April, 2015 timeframe alleged in the Complaint, also well beyond the six month statute of limitations." (Am. Reply 4:3–6, ECF No. 20).

Here, the LMRA cannot confer jurisdiction for several reasons. First, by failing to allege a violation of a contract between an employer and a union, Plaintiff has not established this Court's jurisdiction over the claim as required by *Texatron*. Plaintiff recites that "Local 631 has a fiduciary duty to Plaintiff via CBA 2001–2004." (Compl. at 8). While Plaintiff states a contract existed at some point, he fails to assert with which employer, if any, this contract was

made and that Plaintiff was a party to the contract at the time of the violations. The Complaint is completely devoid of any mention of an employer that may have contracted with Union.

Second, Plaintiff has failed to state a cognizable claim under § 301 because he has not alleged (1) that his employer took adverse action, and (2) that Union failed to represent him as required by *Bliesner*. The thrust of the Complaint alleges that Defendants merely failed to let Plaintiff rejoin Union, not that Union failed to represent Plaintiff in some matter adverse to an employer. Thus, jurisdiction as invoked under § 301 of the LMRA fails.

Additionally, even if Plaintiff had properly alleged a § 301 claim, based on the facts alleged, it appears that the six-month statute of limitations has run. Plaintiff alleges the causes of action occurred between January 14, 2015 and April 2, 2015, almost eight months prior to bringing his Complaint on January 22, 2016. (Compl. at 1).[3] However, he also explains in his Response that "these civil rights violations are continuing." (Pl.'s Resp. at 7–8).

Accordingly, the Court will grant Plaintiff leave to amend to the extent that he can assert facts sufficient to allege a claim under § 301, as explained herein. He will also need to allege sufficient facts to demonstrate that the six-month statute of limitations had not yet run when he filed his original Complaint on January 22, 2016.

**C. Jurisdiction under Other Statutory Sources**

Lastly, Plaintiff seeks the Court's jurisdiction under Title VII, the FAA, and 18 U.S.C. § 371. None of these statutory sources confer jurisdiction for the following reasons.

First, in order to invoke jurisdiction pursuant to Title VII, a plaintiff must exhaust administrative remedies by filing a charge with the Equal Employment Opportunity

---

[3] In his Complaint, Plaintiff alleges that he exhausted his administrative remedies at the NLRB, but he failed to provide any information regarding the NLRB's final determination. (Compl. at 11). Plaintiff attached to his Response a copy of the NLRB charge and correspondence from an NLRB Regional Director. (Ex. C–E to Pl.'s Resp.). However, on a motion to dismiss, the Court cannot take judicial notice of such documents without converting the motion to dismiss to a motion for summary judgment. *Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19. As such, the Court will not consider either party's attachments to the Motion to Dismiss and Response.

Commission ("EEOC") or a state agency prior to bringing a claim in federal court. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002).[4] Defendants argue that Plaintiff provided no factual allegations of discrimination and did not allege that he filed the requisite EEOC claim prior to bringing the Complaint. (Am. Mot. to Dismiss 9:23–7). Plaintiff provides no response to this argument.

Here, the Court finds that Plaintiff failed to allege that he filed a charge with the EEOC or a state agency prior to filing his Complaint with this Court. Moreover, to make a claim for unlawful employment discrimination, a plaintiff must plead some form of discrimination that is prohibited by the statute. *See* 42 U.S.C.S. 2000e-2(c). Plaintiff also fails to allege any facts about discrimination based on a statutorily protected class. Thus, Plaintiff has failed to demonstrate how Title VII can be used here to invoke this Court's jurisdiction.

Likewise, the FAA fails to confer jurisdiction. Courts are limited in enforcing the FAA to finding: (1) whether a valid arbitration agreement exists, and (2) whether that agreement encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000)). Defendants correctly observe that Plaintiff has failed to allege even the existence of an agreement to arbitrate, without which this Court does not have jurisdiction pursuant to the FAA. (Am. Mot. to Dismiss 9:22–3). Plaintiff gives no argument to the contrary. Therefore, the Court finds that the FAA does not confer jurisdiction.

Lastly, 18 U.S.C. § 371 is a criminal statute. Such criminal statutes "provide no basis for civil liability." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, Plaintiff's citation to this statute fails to confer jurisdiction.

---

[4] A claim under Title VII must be brought within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C.S. 2000e-5(e)(1).

### D. Service

Should Plaintiff seek to file an amended complaint regarding his claims for breach of fiduciary duty and unfair labor practices, he will need to amend his summons and effect proper service on all of the Defendants within the confines of the FRCP. Plaintiff's prior attempts at service were insufficient to confer personal jurisdiction upon this Court. Specifically, a plaintiff must have an uninterested party[5] serve a summons and complaint on each defendant individually. *See* Fed. R. Civ. P. 4. "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint. Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Chan v. Society of Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994) (internal citations omitted). Defendants make no argument as to how they have been prejudiced by the insufficient service. Accordingly, if Plaintiff can amend his Complaint according to the parameters set out above, he may also amend the summons and complete proper service.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Amended Motion to Dismiss (ECF No. 10) is **GRANTED**. Plaintiff's First and Fourteenth Amendment claims are dismissed with prejudice. Plaintiff's claims for breach of fiduciary duty and unfair labor practices are dismissed without prejudice, with leave to amend in accordance with this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file his amended complaint by **April 17, 2017**. Failure to file an amended complaint by this date shall result in the Court dismissing these claims with prejudice and closing the case.

**DATED** this   27   day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[5] The Federal Rules of Civil Procedure do not allow a plaintiff to complete service himself. Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.").